No error appearing, the judgment will be affirmed.

## H. W. MIDDLETON v. STATE.
### No. 14288.

Court of Criminal Appeals of Texas.
Nov. 18, 1931.

Cofer & Cofer, of Austin, and Alexander & Alexander, of Smithville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The conviction is for murder; penalty assessed at confinement in the penitentiary for a period of ninety-nine years.

It has been made known to this court by affidavit that the appellant, H. W. Middleton, died on the 14th day of November, 1931.

Because of the death of the appellant, the opinion of this court ordering an affirmance of the judgment is withdrawn, and the appeal is dismissed.

## Doddie PHLEGM v. STATE.
### No. 14706.

Court of Criminal Appeals of Texas.
Nov. 25, 1931.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The conviction is for assault with intent to murder; penalty assessed at confinement in the penitentiary for two years.

The indictment appears regular. The facts heard before the trial court are not brought up for review. The rulings of the trial court are not complained of by bills of exception or otherwise. No fundamental error has been perceived or pointed out.

The judgment is affirmed.

## Clarence REYNOLDS v. STATE.
### No. 14829.

Court of Criminal Appeals of Texas.
Nov. 13, 1931.

J. K. Russell, of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE J.

Conviction for murder; punishment, two years in the penitentiary.

The record is here without statement of facts. The matters complained of cannot be appraised by us in the absence of a statement of facts.

The judgment will be affirmed.

## H. L. ROBERGE v. STATE.
### No. 14473.

Court of Criminal Appeals of Texas.
Nov. 18, 1931.

G. De Graffenried, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The conviction is for the unlawful possession of a slot machine used for gaming purposes; penalty assessed at confinement in the county jail for a period of thirty days.

The record is before this court without a statement of the facts heard upon the trial. No complaints of the court's ruling have been brought forward by bills of exception or otherwise. No fundamental error having been perceived or pointed out, the judgment is affirmed.